IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ROBERT CASTLEBERRY, | Civil Action No. |
| Plaintiff, | 2:16-cv-128 |
| v. | JURY TRIAL DEMANDED |
| CAMDEN COUNTY | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Robert Castleberry (hereinafter "Plaintiff" or "Mr. Castleberry"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under the Americans with Disabilities Act, as amended by the Americans with Disabilities Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq* and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 12101 et seq., 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

3.

This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Southern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

4.

Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*., in that he had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding his request for FMLA.

5.

Plaintiff is a male citizen of the United States of America and a resident of the State of Georgia and at all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

6.

Plaintiff, at all times revenant hereto, was an individual with a disability as the term is defined under 42 U.S.C. § 12102(1).

7.

Plaintiff is a person with a disability inasmuch as he has an impairment causing substantial limitations in one or more major life activities, he has a record of disability, and because Defendant regarded him as having an impairment.

8.

During all times relevant hereto, Defendant Camden County ("Defendant") has employed fifty or more employees, within a 75 mile radius of Plaintiff's employment, for the requisite requirements under the ADA and the FMLA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5) and 29 U.S.C. § 2601 *et seq.*

9.

Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq.*

10.

Defendant is a municipal corporation subject to actions of this kind.

11.

Defendant may be served by delivering a copy of the summons and complaint at its principal place of business, 200 East 4th Street, Woodbine, GA 31569.

## ADMINISTRATIVE PROCEDURES

12.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) on March 2, 2015.

13.

The EEOC issued a "Notice of Right to Sue" on June 20, 2016, entitling an action to be commenced within ninety (90) days of receipt of that notice.

14.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

15.

Mr. Castleberry began working for Defendant in June 2013, as a Program Associate.

16.

Mr. Castleberry has a mental impairment which substantially limits one or more major life activities, including social interaction.

17.

Defendant was aware of Mr. Castleberry's disability.

18.

On or about November 20, 2014, Mr. Castleberry was diagnosed Autism Spectrum Disorder.

19.

On or about December 17, 2014, Mr. Castleberry disclosed his disability to HR Generalist Tina Dasha and requested a reasonable accommodation.  More specifically, Mr. Castleberry requested to be moved to a quieter location in back of the office.

20.

Ms. Dasha notified Mr. Castleberry that his immediate supervisor, Amber Bishop, Camden County Extension Coordinator/4-H Agent, would need to approve his accommodation request.

21.

On December 18, 2014, Ms. Bishop verbally denied Mr. Castleberry's request for a reasonable accommodation without engaging in any interactive process.

22.

Ms. Bishop told Mr. Castleberry that he could not use the back office for reasons including that there were dirt and bugs on the floor, there was no door, and it was too far for her to walk.

23.

Upon learning of Mr. Castleberry's disability and his requests for accommodation, Defendant began to discriminate and retaliate against Mr. Castleberry.

24.

On or about December 31, 2014, Mr. Castleberry submitted a Certification of Health Care Provider in support of his request for intermittent FMLA leave to obtain psychotherapy and psychiatric treatment for his disability.

25.

The Certification detailed Mr. Castleberry's condition and symptoms and suggested ways that Defendant could accommodate Mr. Castleberry, including

being allowed to work in an isolated area, opt out of social events, wear noise cancelling headphones, be provided with instructions both verbally in in writing, be given more positive reinforcement, and be provided more advance notice of "coaching" sessions.

26.

The Certification further noted that his condition may cause periodic flare-ups, and that though it was not necessary for him to be absent during these flare-ups, that Mr. Castleberry should be permitted to work in a quiet space or to wear noise cancelling headphones.

27.

Mr. Castleberry's was granted intermittent FMLA for treatment of his disability on December 31, 2014, but Defendant denied his request for a reasonable accommodation, despite the fact that to do so would not have posed an undue burden on Defendant.

28.

Plaintiff's intermitten FMLA leave afforded him a thirty (30) minute time slot, once a week, to visit the Licensed Professional Counselor that was treating Plaintiff for his condition.

29.

On or about January 7, 2015, Mr. Castleberry again requested a reasonable accommodation of his disability.  Specifically, he again requested to move to a quieter work space and/or permission to use noise-cancelling headphones.

30.

In response to his request for a reasonable accommodation, Ms. Bishop asked Mr. Castleberry if he wanted his job.

31.

Mr. Castleberry perceived Ms. Bishop's question as a threat, which resulted in him suffering from a panic attack, and made an appointment with his psychotherapist for the same day.

32.

Defendant denied Mr. Castleberry's January 7, 2015, request for a reasonable accomodation on January 8, 2015.

33.

Defendant placed Mr. Castleberry on involunatry administrative leave on or about January 9, 2015.

34.

On or before January 26, 2015, Mr. Castleberry underwent psychological testing by Dr. Laurie Fairall, a licensed psychologist, and was diagnosed with Autism Spectrum Disorder, previously known as Asberger's Disorder.

35.

Dr. Fairall suggested that Mr. Castleberry be permitted to work from home for a period of time.

36.

As a condition of his continued employment, Defendant had Mr. Castleberry undergo a separate evaluation by Dr. Ellinor Burke on January 27, 2015, which also resulted in a diagnosis of Asberger's Disorder.

37.

Dr. Burke supported Mr. Castleberry's request for a more isolated work space or the ability to work from home, stating that it "would be beneficial in dealing both his sensitivity to noise and his social anxiety related to Asberger's."

38.

Mr. Castleberry forwarded documentation from both medical providers to HR Director Katie Howard on January 27, 2015, and on Janaury 28, 2015, requested to engage in the interactive process to discuss his accommodations.

39.

On January 29, 2015, Mr. Castleberry was terminated.

40.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

41.

Defendant failed to engage in any interactive process with Plaintiff regarding his request for a reasonable accommodation before terminating his employment and terminated Plaintiff's employment during a time in which Plaintiff had been granted FMLA leave.

42.

Plaintiff had been completing the essential duties of his position for the previous two years, and could have continued to do so with a reasonable accommodation.

43.

Others outside the Plaintiff's protected class were treated differently.

## CLAIMS FOR RELIEF

## COUNT I – VIOLATION OF ADAAA - FAILURE TO ACCOMMODATE

44.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

45.

Plaintiff has a mental impairment which substantially limits one or more major life activities including but not limited to social interaction.

46.

Plaintiff's mental impairment is a "disability" within the meaning of the ADAAA, as amended.

47.

Defendant was aware of Plaintiff's disability.

48.

Defendant received notice of Plaintiff's disability on or about December 18, 2014.

49.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability within the meaning of the ADAAA, as amended.

50.

Plaintiff has a record of having a disability such that he is a person with a disability within the meaning of the AAADA, as amended.

51.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADAAA.

52.

Defendant terminated Plaintiff's employment, in whole or in part, because of his disability, perceived disability, or record of having a disability.

53.

Defendant terminated Plaintiff's employment within six weeks of receiving notice of his disability.

54.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendant violated the ADAAA, as amended.

55.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

56.

Defendant treated other employees outside Plaintiff's protected class differently.

57.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq*.

58.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

59.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his disability.

60.

As a direct and proximate result Defendant's violation of the ADAAA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

61.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

62.

Pursuant to the ADAAA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## COUNT II – RETALIATION IN VIOLATION OF THE ADAAA, AS AMENDED

63.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

64.

Plaintiff has a mental impairment which substantially limits on or more major life activities including but not limited to social interactions.

65.

Plaintiff's mental impairment is a "disability" within the meaning of the ADAAA, as amended.

66.

Defendant was aware of Plaintiff's disability.

67.

Defendant received notice of Plaintiff's disability on or about December 18, 2014.

68.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADAAA.

69.

Plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

70.

Plaintiff disclosed sensitive details relating to his condition, and was terminated less than two weeks later.

71.

Plaintiff's complaint about disability discrimination constitutes protected conduct under the ADAAA, as amended.

72.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his disability.

73.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

74.

Defendant's retaliatory actions against Plaintiff were in violation of the ADAAA, as amended.

75.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

76.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

77.

Pursuant to the ADAAA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement,

compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## COUNT III – INTERFERENCE WITH EXERCISE OF FMLA RIGHTS

### 78.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

### 79.

Defendant is an 'employer' as defined by the FMLA.

### 80.

Plaintiff was an eligible employee under the FMLA.

### 81.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

### 82.

Plaintiff was employed by Defendant for more than 12 months.

### 83.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

84.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

85.

Plaintiff had a serious medical condition as defined by the FMLA.

86.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

87.

Despite awarding Plaintiff intermittent FMLA leave, Defendant failed to allow Plaintiff to utilize the leave he was granted, thus interfering with his rights under the FMLA.

88.

The effect of Defendant's actions has bene to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to him solely because of his right to leave under the FMLA.

89.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

90.

Plaintiff is also entitled to liquidated damages for Defendant's violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because Defendant's actions to prevent Plaintiff from taking his awarded leave were willful violations of the FMLA.

## COUNT IV – RETALIATION FOR EXERCISE OF FMLA RIGHTS

91.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

92.

Defendant is an 'employer' as defined by the FMLA.

93.

Plaintiff was an eligible employee under the FMLA.

94.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave pursuant to the FMLA.

95.

Plaintiff was employed by Defendant for more than 12 months.

96.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

97.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

98.

Plaintiff had a serious medical condition as defined by the FMLA.

99.

Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

100.

In terminating Plaintiff's employment, Defendant retaliated against Plaintiff for exercising his right to take leave as provided under the FMLA.

101.

Defendant's actions in retaliation against Plaintiff for exercising his rights under the FMLA were committed with reckless disregard for Plaintiff's right to be free discriminatory treatment because of his exercise of his rights under the FMLA, specifically 29 U.S.C. §2615(a)(1)(2).

102.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due him solely because of his exercise of his rights under the FMLA.

103.

As a result, Mr. Castleberry is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

104.

Mr. Castleberry is further entitled to liquidated damages for Defendant's willful violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii)

**WHEREFORE**, Plaintiff judgment as follows:

(a)   A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the ADAAA and the FMLA;

(b)   Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant Camden County from further unlawful conduct of the type described herein;

(c)   General damages for mental and emotional suffering caused by Defendant's misconduct;

(d)   Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(e)   Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(f)      Reasonable attorney's fees and expenses of litigation with any

and all other costs associated with this action as provided by the

FMLA and ADAA;

(g)      Trial by jury as to all issues;

(h)      Prejudgment interest at the rate allowed by law; and

(i)      All other relief to which he may be entitled.

Respectfully submitted the 15th day of September, 2016.

**BARRETT & FARAHANY**

/s/ Taylor J. Bennett
Amanda A. Farahany
Georgia Bar No. 646135
Taylor J. Bennett
Georgia Bar No. 664063

*Attorneys for Robert Castleberry*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
taylor@justiceatwork.com