IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **ROBERT CASTLEBERRY,** | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | Civil Action No.<br>2:16-CV-00128-LGW-RSB |
| **CAMDEN COUNTY** | ) ) ) | |
| Defendant. | ) | |

## MOTION TO QUASH A SUBPOENA TO TESTIFY
## AT A DEPOSITION IN CIVIL ACTION

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iii), Gateway Behavioral Health Services ("Gateway"), a non-party to the above-styled action, objects to the "Subpoena to Testify at a Deposition in a Civil Action" (the "Subpoena") served upon Gateway's clinician Dr. Hadas Maimon, M.D by the Defendant in this matter. The Subpoena also seeks medical records pertaining to a Gateway patient. A copy of this Subpoena is attached hereto and labeled **Exhibit "A"**.

Gateway is a statutorily-created public agency and instrumentality of the State of Georgia which provides to its patients or "consumers" mental health, developmental disability, and addictive disease treatment services. See O.C.G.A. Title 37, Chapter 2.

Gateway objects to the Subpoena on the following grounds:

First, Gateway objects to the Subpoena to the extent it seeks privileged communications. Communications between a mental health professional and a patient are "absolutely" privileged in the State of Georgia. <u>Mincey v. Ga. Dep't of Community Affairs</u>, 308 Ga. App. 740, 745, 708 S.E.2d 644 (2011); O.C.G.A. § 24-5-501 (a) (5) through (8) (mental health privilege). "The privilege covers 'communications and admissions' between the patient and the mental-health professional, and any information that the professional holds which has its origins in those communications." <u>Mincey</u>, 308 Ga. App. at 746. Georgia and Federal law specifically prohibit disclosure of such privileged matters, either by physical disclosure or any medical record or by testimony. <u>See</u> 42 U.S.C. § 290dd-2; 42 C.F.R. Part 2; <u>Jaffee v. Redmond</u>, 518 U.S. 1, 16 (1996); O.C.G.A. §§ 37-3-166 (a)(8) and 37-7-166 (7).

Here, the Subpoena seeks, among other things, "the entire record…and all correspondence" pertaining to the patient's care and treatment. These subpoenaed records undoubtedly contain privileged communications (to the extent they exist). Accordingly, should Defendants move for an order under to compel discovery, Gateway requests this Court to exclude all records by any subsequent order within the scope of the mental health privilege, codified at O.C.G.A. § 24-5-501.

Secondly, Gateway objects to the Subpoena to the extent it seeks "protected health information" within the scope of the Health Insurance Portability and

Accountability Act of 1996, Pub.L. No. 104-191 ("HIPAA") and more specifically, the regulations promulgated under HIPAA at 45 C.F.R. Parts 160, 162, and 164. Gateway cannot disclose such information because an authorization has not been executed, or in the alternative, "satisfactory assurances" have not been received as required by 45 C.F.R. § 164.512(e)(1)(ii).  See Northlake Medical Center, LLC v. Queen, 280 Ga.App. 510, 514-515, 634 S.E.2d 486 (2006).

Absent a valid written authorization or court order, HIPAA requires "a written statement and accompanying documentation that: (A) The party subpoenaing such information has made a good faith attempt to provide written notice to the individual . . . (B) The notice included sufficient information about the litigation or proceeding in which the protected health information is subpoenaed . . . (C) The time for the individual to raise an objection to the court or administrative tribunal has elapsed."  45 C.F.R. § 164.512(e)(iii).  Generally, this written statement is provided in the form of a "Statement of Compliance with HIPAA Requirements" which satisfies the above-mentioned requirements.  Here, no such statement of compliance has been received nor has the subpoenaing party indicated that such a statement of compliance will be forthcoming once the statutory period for objections has elapsed.

Thirdly, Gateway objects to the Subpoena to the extent it seeks records within the scope of O.C.G.A. §§ 37-3-166, which protects mental health records

3

and information. Gateway cannot disclose such information because a valid subpoena has not been received or court order been entered. O.C.G.A. § 37-3-166(a)(8); see Ga. Com. R. & Reg. R. § 290-4-9-.05(1)(i) (valid subpoena or court order required).

Accordingly, pursuant to the authorities cited above, the records subpoenaed may not be disclosed.

WHEREFORE, if Defendants move for a court order to compel discovery, then Gateway respectfully prays for the following relief:

(1) Enter an order excluding all privileged communications within the scope of O.C.G.A. § 24-5-501(a)(5)-(8) (mental health privilege);

(2) Enter a court order either (a) excluding all "protected health information" within the scope of HIPAA and its implementing regulations; or in the alternative, (b) directing Gateway to disclose such information; and

(3) Enter a court order either (a) excluding all mental health records within the scope of O.C.G.A. § 37-3-166; or in the alternative, (b) directing Gateway to disclose such information.

Respectfully submitted this 21st day of May, 2019.

                                        **FREEMAN, MATHIS & GARY LLP**

                                        /s/ H. Joseph Colette
                                        H. JOSEPH COLETTE
                                        Georgia Bar No. 170045
                                        *Attorney for Gateway Behavioral Health*

662 Forest Parkway
Suite E
Forest Park, Georgia 30297
Tel.: (470) 322-1810
Fax: (404) 525-4347

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| ROBERT CASTLEBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:16-CV-00128-LGW-RSB |
| | ) | |
| CAMDEN COUNTY | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document, MOTION TO QUASH A SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION, was filed with the Clerk via the Court's CM/ECF system, which will automatically affect service upon the attorneys of record.

This 21ST day of May, 2019.

**FREEMAN, MATHIS & GARY LLP**

/s/ H. Joseph Colette
H. JOSEPH COLETTE
Georgia Bar No. 170045
*Attorney for Gateway Behavioral Health*

662 Forest Parkway
Suite E
Forest Park, Georgia 30297
Tel.: (470) 322-1810
Fax: (404) 525-4347

# **EXHIBIT A**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Georgia

| ROBERT CASTLEBERRY | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:16-cv-00128-LGW-RSB |
| CAMDEN COUNTY | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Hadas Maimon, M.D., Gateway Behavioral Health Services
701-A Charles Gilman, Jr Blvd.
Kingsland, GA 31548

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Camden County Superior Court - Jury Assembly Room<br>210 4th Street<br>Woodbine, GA 31569 | Date and Time:<br>05/29/2019 12:00 pm |
|---|---|

The deposition will be recorded by this method:   Certified Court Reporter  by stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:   SEE ATTACHED EXHIBIT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 13, 2019

  *CLERK OF COURT*
                                                            OR

_____          *Will Mann.*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
CAMDEN COUNTY
_____, who issues or requests this subpoena, are:

William S. Mann - Hall Booth Smith, P.C., 3528 Darien Hwy, Suite 300, Brunswick, GA 31525; (912) 554-0093

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:16-CV-00128-LGW-RSB

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Hadas Maimon, M.D.
on *(date)* 5/13/19 .

☑ I served the subpoena by delivering a copy to the named individual as follows: HAdAs MAimon M.D.

on *(date)* 5/13/19 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: 5/13/19

_____
Server's signature

Samuel Costensen
Printed name and title

Bwk GA.
Server's address

Additional information regarding attempted service, etc.:



## EXHIBIT A

### MEDICAL RECORDS:

A CERTIFIED copy of the ENTIRE RECORD and ALL BILLING STATEMENTS and ALL CORRESPONDENCE concerning the care and treatment of ROBERT CASTLEBERRY ; 04/19/1981; SSN: xxx-xx-xxx, including, but not limited to, new patient forms, face sheets, authorization sheets, admission record and/or summary, discharge summary and notes, patient information sheets, personal history and physical examinations, consultants' notes, x-rays requisitions and reports, miscellaneous reports, electrocardiograms and other specialized testing, anesthetic notes, reports and records of usage, pharmacy records, operative records, flow sheets and scheduling data, nurses' medication sheets, clinical records, temperature charts, pathology reports, reports of biopsy, accident or incident reports, reports of all staff committees, physicians' order sheets, recovery room records, blood pressure sheets, intake and output charts, insurance sheets, physicians' notes, nurses' notes, correspondence, ambulance reports, emergency room records, history given by other than the patient, laboratory data and reports, tests and summaries, including any records where same has been contracted out, physical therapy notes, progress reports, CT scans and other diagnostic studies, and all other related documents regarding said ROBERT CASTLEBERRY from any time in the past to present date.



AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).